UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM SCOTT PETHERAM,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK (WFB), et al.,<br><br>Defendants. | CASE NO. C13-1016JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

Before the court are two motions to dismiss brought by Defendants Wells Fargo Bank N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS"). (Mot. (Dkt. # 11); Joinder in Mot. (Dkt. # 15).) Plaintiff William Petheram alleges five claims related to non-judicial foreclosure of his Auburn, Washington property. Having reviewed the motion, the declarations of Plaintiff's attorney filed in opposition to the motion (Dkt. ## 17, 21), Plaintiff's untimely response (Dkt. # 20), Defendants' replies (Dkt. ## 18, 19, 23), and all related papers, the court GRANTS the motions and DISMISSES this action.

## I. BACKGROUND

In January 2008, Mr. Petheram executed a promissory note for $345,000.00, which he secured with a deed of trust on property in Auburn, Washington. (Compl. (Dkt. # 1-2) at 4.) The deed of trust was recorded in the King County Auditor's Office on January 24, 2008. (Roesch Decl. (Dkt. # 14) Ex. 1.)[1] The deed of trust listed Mr. Petheram as the borrower, Homelink Mortgage, Inc. as the lender, MERS as the beneficiary, and Ticor Title Company as the trustee. (*Id.*) An assignment of the deed of trust in March of 2009 identified Wells Fargo as the new beneficiary. (*Id.* Ex. 4.) That same month, Wells Fargo executed and recorded an appointment of successor trustee, appointing NWTS as successor trustee. (*Id.* Ex. 5.)

Mr. Petheram defaulted on the loan. NWTS issued two notices of trustee sales in 2009 and 2010, but both were discontinued before the sale dates. (*Id.* Exs. 6-10.) In 2011, Mr. Petheram and Wells Fargo agreed to a loan modification. (*Id.* at 11.) An additional assignment of deed of trust was executed and recorded by MERS, listing Wells

---

[1] The court considers the deed of trust and related documents on this motion even though they are not attached to the complaint. In ruling on a Rule 12(b)(6) motion, a court may consider documents that are incorporated by reference into the complaint without converting the motion to dismiss into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). In addition, although as a general rule the court may not consider materials not originally included in the pleadings in deciding a Rule 12(b)(6) motion, the court may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008). Pursuant to Defendant's request (Dkt. ## 11, 18), the Court takes judicial notice of the documents attached to the declarations of Benjamin Roesch and Amanda Wetherly, as well as the trustee's deed relating to the July 12, 2013, sale of the Auburn property.

Fargo as the beneficiary on the deed of trust. (*Id.* Ex 12.) Another appointment of successor trustee was recorded in January 2014 and NWTS was appointed successor trustee. (*Id.* at 13.)

On February 5, 2013, NWTS issued a notice of trustee sale identifying a $44,561.01 default on the loan. (*Id.* at 14.) It listed a sale date of June 7, 2013, but the sale date was continued to July 12, 2013.

On June 3, 2013, Mr. Petheram brought this action in King County Superior Court, seeking injunctive relief to restrain the trustee sale. (*See* Compl.) He also asked the court to quiet title to the Auburn property in his name and asserted claims against Wells Fargo, MERS, and NWTS for violations of the Washington Consumer Protection Act, fraud, and slander of title.

Mr. Petheram failed to enjoin the sale and his property was sold in a trustee sale on July 12, 2013. Five days after the sale, Mr. Petheram filed for Chapter 13 Bankruptcy protection in the U.S. Bankruptcy Court for the Western District of Washington. (Sandlin Decl. (Dkt. # 17) at 2.) Defendants now move to dismiss the complaint.

## II. DISCUSSION

**A.  Standard on a Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether to grant a Rule 12(b)(6) motion, the court must accept as true all "well-pleaded factual allegations" in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks

sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (internal quotation marks omitted); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

**B. Plaintiff's Bankruptcy Filing Does Not Stay This Action**

As a threshold matter, Mr. Petheram argues that his filing of a Chapter 13 bankruptcy petition automatically stays this action and precludes any ruling on the motions to dismiss. (Sandlin Decl. (Dkt. # 17) at 2.) Although section 362 of the Bankruptcy code does generally stay the commencement or continuation of a judicial proceeding "against the debtor" commenced prior to the filing of bankruptcy, it does not apply in this case. *See* 11 U.S.C. § 362(a)(1). Where the debtor filed a pre-petition offensive action against creditors, defendants may seek dismissal of the claims, and the court may rule on dispositive motions to dismiss. *See In re Way*, 229 B.R. 11, 13 (9th Cir. B.A.P. 1998); *In re White*, 186 B.R. 700, 703 (9th Cir. B.A.P. 1995); *In re Merrick*, 175 B.R. 333, 336 (9th Cir. B.A.P. 1994). Here, Mr. Petheram filed this offensive action against Defendants before filing for bankruptcy, and Defendants now seek to dismiss the complaint under Civil Rule 12(b)(6). Accordingly, Defendants are not barred from

seeking dismissal nor is this court stayed from ruling on an action initiated by Mr. Petheram even though he has filed for Bankruptcy protection.

**C. The Court Has Subject Matter Jurisdiction**

Next, Mr. Petheram claims this court lacks subject matter jurisdiction because the parties are not completely diverse as required by 28 U.S.C. §1332.  (Resp. (Dkt. # 20) at 5.)  NWTS has Washington citizenship for diversity purposes.  Thus, Mr. Petheram argues that if the court does not consider the action stayed under § 362, it must remand this case back to state court.  (*Id.*)

Under 28 U.S.C. § 1332(a) "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."  In determining if complete diversity exists, "[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  For "nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant," a district court may wholly ignore citizenship.  *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000).  "The paradigmatic nominal defendant is a trustee, agent, or depository who is joined merely as a means of facilitating collection."  *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998).  The question here is whether NWTS is a nominal party.

1    The court finds that Mr. Petheram fails to make any valid substantive allegations

2 against NWTS sufficient to make it more than a nominal defendant.  The only specific

3 allegation against NWTS is as follows:

4
>    Defendant NWT has actual or constructive notice of these nonjudicial
5    foreclosure deficiencies and defendant NWT has a responsibility to
>    participate in trustee's sale of the plaintiff's real property . . . .

6
(Compl. at 16.)  Mr. Petheram does not allege any factual support for the assertion that

7
NWTS knew or should have known that any deficiencies existed with the deed of trust.

8
Nor does Mr. Petheram allege that NWTS did anything other than perform its duties as a

9
trustee.  Therefore, NWTS is a nominal defendant and its citizenship is not considered by

10
this court in determining jurisdiction.  *See Prasad v. Wells Fargo Bank, N.A.*, No. C11-

11
894-RSM, 2011 WL 4074300 (W.D. Wash. Sept. 13, 2011) (finding trustee under deed

12
of trust to be a nominal party where no direct claims were asserted against it).  Having

13
resolved these preliminary issues, the court turns next to the substance of Defendants'

14
motions to dismiss.

15

16 **D.  Motions to Dismiss**

17    Mr. Petheram asserts five claims—declaratory judgment, slander of title, quiet

18 title, fraud, and violations of the Consumer Protection Act.[2]  As detailed below, none of

19 these claims are viable as pleaded, and the motions to dismiss are GRANTED.

20

21
---

[2] Plaintiff failed to timely oppose the motions to dismiss.  Under this Court's local rules,
22 any opposition was due "not later than the Monday before the noting date."  L.R. 7(d)(3).
Plaintiff missed the Monday deadline but filed a declaration attesting to the bankruptcy filing on
23 the eve of the noting date.  The declaration did not oppose the motions to dismiss, but sought to
stay any decision on the motions.  (*See* Sandlin Decl.)  Three days after the noting dates,
24 Plaintiff's counsel filed a second declaration along with opposition papers.  These papers

1. Declaratory Judgment

Mr. Petheram seeks a declaratory judgment stating that he is the owner of the property and that the promissory note and deed of trust are void. His request for declaratory judgment is based on three theories, all of which the court rejects.

First, Mr. Petheram demands that Wells Fargo produce an original signed promissory note before it can lawfully foreclose. This "show me the note" theory has been widely rejected by federal courts in this district. *Petree v. Chase Bank*, No. 12-CV-5548-RBL, 2012 WL 6061219, at *2 (W.D.Wash. Dec. 6, 2012) ("Courts of this district routinely reject these claims.") (collecting cases). Moreover, the issue seems to be conclusively settled by statute in Washington: RCW 61.24.030(7)(a) specifically says that the only proof of beneficial ownership required prior to foreclosure is "[a] declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note." As such, there is no requirement that the foreclosing party show the borrower the original note. *See Petree*, 2012 WL 6061219 at *2.

Second, Mr. Petheram asserts the so-called "split the note" theory—the argument that if ownership of a deed of trust is split from ownership of the underlying promissory note, one or both of those documents becomes unenforceable and no party can foreclose.

---

addressed only the issue of the court's jurisdiction. (Resp.; 2d Sandlin Decl. (Dkt. # 21).) To date, Plaintiff has filed no opposition to the merits of the motions to dismiss. Under Local Rule 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Given the dispositive nature of the pending motions, even in the absence of opposition papers, the Court addresses the merits of the motions.

Unfortunately for Mr. Petheram, this argument too has been roundly rejected by courts in Washington. *See e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044-45 (9th Cir. 2011) (splitting a note from a deed of trust is not problematic as long as, at the time of foreclosure, the party attempting to foreclose holds the note or is acting on behalf of the note-holder); *Abram v. Wachovia Mortg.*, No. C12-1679JLR, 2013 WL 1855746 at *2 (W.D. Wash. April 30, 2013) (observing that the Ninth Circuit Court of Appeals and the Washington Supreme Court have rejected the theory that securitization of a mortgage "splits" the note from the deed of trust). Mr. Petheram alleges no facts suggesting a "split the note" theory is actionable here nor does he offer any reason to re-think this well settled legal issue.

Finally, Mr. Petheram contends there was no "true" recording of the assignment of the deed of trust to Wells Fargo, making the assignment invalid. This argument is also flawed because Washington State does not require recording of such transfers and assignments. *St. John v. Northwest Trustee Services, Inc.*, No. C11-5382BHS, 2011 WL 4543658 at *3 (W.D.Wash., Sept. 29, 2011). Because Mr. Petheram fails to assert any valid controversy to be resolved by this court, his claim for declaratory judgment is DISMISSED.

   2. <u>Slander of Title</u>

Mr. Petheram claims Defendants have slandered title to his home because they "promoted an illegal instrument titled 'deed of trust,'" which was recorded with the King County auditor's office. (Compl. at 15.) Mr. Petheram's claim falls short because he

does not establish that Defendants published false statements disparaging the title maliciously.

A slander of title action requires proof that: (1) a false statement was published that disparaged the claimant's title; (2) the statement was maliciously published; (3) the statement was spoken with reference to some pending sale or purchase of the plaintiff's property; (4) the plaintiff suffered pecuniary loss as a result of the false statement; and (5) the statement was such as to defeat the plaintiff's title. *Rorvig v. Douglas*, 873 P.2d 492, 496 (Wash. 1994).

Plaintiff alleges the following facts to support his slander of title claim:

> The defendants claim their security interest encumbers a legal description of the plaintiff's real property which is subject to this action as follows:
> Lot 1, Aaby's First Addition to Auburn, Volume 58/11, records of King County, State of Washington.
> Tax parcel ID: 0011000005
> Commonly known as: 530 Aaby Drive, Auburn, WA 98001

(Compl. at 5.) Even accepting all allegations in the complaint as true, the court cannot infer from this paragraph that Defendants took any of their alleged actions with malice. Therefore, Mr. Petheram's claim for slander of title is DISMISSED.

3. Quiet Title

Next, Mr. Petheram asks the court to quiet title to the disputed property in his name. (*Id.* at 16.) To maintain an action for quiet title, Plaintiff must first pay the outstanding debt on which the subject mortgage or deed of trust is based. *Thein v. Recontrust Co., N.A.*, No. C11-5939BHS, 2012 WL 527530, at *2 (W.D. Wash. Feb. 16, 2012); *Evans v. BAC Home Loans Servicing LP*, No. C10-0656 RSM, 2010 WL

5138394, at *3 (W.D.Wash. Dec. 10, 2010) ("Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied their obligations under the Deed of Trust."); *Treece v. Fieldston Mortg. Co.*, No. 11-5981 RJB, 2012 WL 123042, at *6 (W.D.Wash. Jan. 17, 2012) ("[A] quiet title claim against a mortgagee requires that a mortgagor is the rightful owner of the property, that is, that the mortgagor has paid an outstanding debt secured by the mortgage."). Here, the Complaint fails to allege any facts that allow the court to infer that Plaintiff is the rightful owner of the property and/or that he has paid on the outstanding debt obligation.

The court further finds that the July 12, 2013, trustee sale is fatal to Mr. Petheram's quiet title claim. The court has taken judicial notice of the Notice of Trustee's Sale. Plaintiff has not alleged or otherwise asserted that he did not receive the Notice of Trustee's Sale. Although he filed this lawsuit prior to the trustee's sale, Plaintiff did not invoke any pre-sale remedy afforded to him with respect to his causes of action seeking to set aside sale of the foreclosed property. Accordingly, the quiet title and declaratory judgment claims may be deemed waived. *Gossen v. JPMorgan Chase Bank*, No. C11-05506 RJB, 2011 WL 4939828, at *5 (W.D. Wash. Oct. 18, 2011); RCW 61.24.130. Because Mr. Petheram fails to plead sufficient facts for a quiet title action and later waived any claim to the property by failing to invoke pre-sale remedies, the court DISMISSES the quiet title claim with prejudice.

4. Fraud

Next, Mr. Petheram alleges that Defendants engaged in fraud. (Compl. at 16.) However, he has not adequately pleaded facts to support a fraud claim.

Under Washington law, a fraud claim requires proof of nine separate elements: (1) a representation of an existing fact; (2) materiality of this representation; (3) falsity of the representation; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) intent that the representation be acted on; (6) ignorance of its falsity by the person to whom the representation is made; (7) reliance on the truth of the representation; (8) a right to rely on the representation; and (9) consequential damages. *Kirkham v. Smith*, 23 P.3d 10, 13 (Wash. Ct. App. 2001).

Under Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud," and the allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." *Viss v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The plaintiff also must set forth "what is false or misleading about a statement, and why it is false," and must state the factual basis for their belief, even with regard to matters within the defendant's knowledge. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Mr. Petheram has done none of this. He merely asserts that "defendants have represented that they are entitled to collect monies from the plaintiff and to foreclose upon the plaintiff's real property." (Compl. at 16.) Mr. Petheram does not allege the nature of the alleged fraud with particularity. Instead, the complaint contains a myriad of conclusory accusations and unsupported legal conclusions already rejected by the court.

Further, he pleads no facts to support the inference that Defendants knowingly made a false statement regarding the notice of foreclosure or that he has relied on these statements. Consequently, the court DISMISSES the fraud claim.

5. Consumer Protection Act

Last, Mr. Petheram claims Defendants' initiation of the non-judicial foreclosure sale violated Washington's Consumer Protection Act ("CPA"). (Compl. at 13.) His CPA claim is contained in a single paragraph:

> The codefendants have individually, or in contract, combination or conspiracy, acted to attempt to deceptively and wrongfully convert to their own use and ownership the plaintiff's substantial value in the residential property in this action . . . . The codefendants have no legitimate claim upon this action, and they intend to use the nonjudicial foreclosure statute of this state to remove the plaintiff from legal title to the plaintiff's residential property, and convert the plaintiff's substantial asset to the codefendants own benefit and ownership.

(*Id.*) Mr. Petheram claims this conduct violates RCW 19.86.020.

To state a claim under the CPA, a party must show: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) injury to plaintiff's business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

An analysis of all of the *Hangman Ridge* elements is unnecessary here because Mr. Petherman fails to show that Defendants engaged in an unfair or deceptive act or practice. To prove that an act or practice is deceptive, neither intent nor actual deception is required. *Id.* at 535. The question is whether the conduct has "the capacity to deceive a substantial portion of the public." *Id.* Even accurate information may be deceptive "'if

there is a representation, omission or practice that is likely to mislead.'" *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 895 (Wash. 2009) (*quoting Sw. Sunsites, Inc. v. Fed. Trade Comm'n*, 785 F.2d 1431, 1435 (9th Cir. 1986)). Mr. Petheram's sole paragraph on his CPA claim fails to adequately allege deceptive conduct. At best, it implies that the non-judicial foreclosure sale was somehow deficient because Defendants acted on invalid documents—namely, the promissory note and the deed of trust. But this court has already rejected Mr. Petheram's various "show me the note" theories and he offers no other factual basis to support his CPA claim. Mr. Petheram cannot prove the necessary elements of his CPA claim, so the claim is DISMISSED.

**E. Leave to Amend**

Leave to amend shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). When a defendant moves to dismiss under Fed.R.Civ.P. 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

The court recognizes that it may be possible for Mr. Petheram to cure some of the defects of the dismissed complaint if provided the opportunity to amend. Accordingly, the complaint is dismissed as against all Defendants, but with leave to amend the fraud, CPA, and slander of title claims. The court directs Mr. Petheram to file an amended complaint within fourteen days of the date of this order. Failure to do so within the time limit set by the court will result in dismissal of this action with prejudice.

## III. CONCLUSION

Based on the foregoing, the court GRANTS Defendants' motions to dismiss the complaint. The court DISMISSES the quiet title and declaratory judgment claims with prejudice, but grants Mr. Petheram leave to amend the other claims within fourteen days of the date of this order.

Dated this 3rd day of September, 2013.

JAMES L. ROBART
United States District Judge