UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM SCOTT PETHERAM, | CASE NO. C13-1016JLR |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| WELLS FARGO BANK (WFB), et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court are Defendants Wells Fargo Bank N.A. ("Wells Fargo"),

Mortgage Electronic Registration Systems, Inc. ("MERS"), and Northwest Trustee

Services, Inc.'s ("NWTS") motions to dismiss Plaintiff William Petheram's amended

complaint (Am. Compl. (Dkt. # 29)).  (Mot. (Dkt. # 32); Joinder in Mot. (Dkt. # 34).)

Having reviewed the motions, the untimely declaration of Plaintiff's attorney opposing

the motions (Sandlin 3d Decl. (Dkt. # 40)), Defendants' replies (Reply (Dkt. # 36);

ORDER- 1

Joinder in Reply (Dkt. # 37)), the balance of the record, and the applicable law, and considering itself fully advised, the court GRANTS the motions to dismiss.

## II.   BACKGROUND

Mr. Petheram obtained a loan in January 2008 secured by the property at issue. (Roesch 2d Decl. (Dkt. # 14) Ex. 1.)[1] Mr. Petheram defaulted on the loan. (*See id.* Exs. 6, 8.) In May 2011, Mr. Petheram and Wells Fargo agreed to a loan modification. (*See id.* Ex. 11.) Mr. Petheram again defaulted. (*See id.* Ex. 14.) On June 3, 2013, Mr. Petheram filed the instant lawsuit. (*See* Compl. (Dkt. # 1-2).) The subject property was sold, however, at a trustee's sale on July 12, 2013. (*See* 9/3/13 Order (Dkt. # 26) at 2 n.1.)[2] The court dismissed Mr. Petheram's complaint, but granted him leave to amend certain causes of action. (*See id.* at 14.)

On September 17, 2013, Mr. Petheram filed an amended complaint renewing his claims of fraud, slander of title, and violation of Washington's Consumer Protection Act (the "CPA"), and adding a claim of wrongful foreclosure. (*See* Am. Compl. ¶¶ 23-28.) Defendants move to dismiss the amended complaint. (Mot.; Joinder to Mot.)

---

[1] In ruling on a Rule 12(b)(6) motion, a court may consider documents that are incorporated by reference into the complaint without converting the motion to dismiss into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). Similarly, the court may take judicial notice of matters of public record and may consider them without converting a motion to dismiss into one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008). Pursuant to Defendant's request (Mot. at 2), the court takes judicial notice of the documents attached to the declarations of Benjamin Roesch (Roesch 2d Decl.) and Amanda Weatherly (Weatherly Decl. (Dkt. # 13)).

[2] For a more detailed recitation of the relevant facts in this case see the court's September 3, 2013, order. (*See* 9/3/13 Order at 2-3.)

### III.   DISCUSSION

**A.      The Court Has Subject Matter Jurisdiction**

At the outset, Mr. Petheram renews his objection to this court's jurisdiction.  (Am. Compl. ¶ 1.)  In an attempt to destroy diversity, Mr. Petheram asserts that NWTS "is much more than an incidental or nominal defendant, given its violation of its fiduciary duties to the plaintiff to ensure that a wrongful foreclosure did not occur in this action . . . ."  (*Id.* (citing *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1188 (Wash. 2013)).)  This conclusory assertion misapplies the *Klem* standard and ignores the Washington Deed of Trust Act, which specifically states that a "trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to . . . persons having an interest in the property subject to the deed of trust" ("DOT").[3]  RCW 61.24.010(3); *see also Robertson v. GMAC Mortg. LLC*, No. C12-2017MJP, 2013 WL 1898216, at *2 (W.D. Wash. May 6, 2013).  Accordingly, NWTS does not owe Mr. Petheram a fiduciary duty and, as such, Mr. Petheram's assertion has no legal basis.  Furthermore, Mr. Petheram again "fails to make any valid substantive allegations against NWTS sufficient to make it more than a nominal defendant" as discussed in the court's previous order.  (9/3/13 Order at 6.)  Thus, NWTS is a "nominal" party for the purpose of diversity jurisdiction.  *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000); *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998).

---

[3] This language was adopted in March 2008.  *See* 2008 Wash. Sess. Laws, ch. 153, § 1.  NWTS was appointed trustee in March 2009.  (*See* Roesch Decl. Ex. 5.)  Thus, the actions of NWTS at issue here are subject to this language.

**B.     Mr. Petheram's Allegations**

Even though Mr. Petheram has amended his complaint, he still fails to allege any cognizable claims for relief.  Mr. Petheram alleges four causes of action:  (1) fraud, (2) slander of title, (3) violations of the CPA, and (4) wrongful foreclosure.[4]  (Am. Compl. ¶¶ 24-27.)  Each of these causes of action is premised on Mr. Petheram's conclusory assertions that Defendants acted without legal authority,[5] which in turn rehash the well-worn "show me the note" and "split the note" theories that this court ruled against in its previous dismissal (*see* 9/3/13 Order at 7-8).  The Washington Supreme Court has "explicitly held that MERS may act as an agent of the note-holder." *Zhong v. Quality Loan Serv. Corp. of Wash.*, No. C13-0814JLR, 2013 WL 5530583, at *3 (W.D. Wash. Oct. 7, 2013) (citing *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 47 (Wash. 2012)).

---

[4] Mr. Petheram failed to timely oppose the motions to dismiss.  The court's local rules provide that any opposition was due "not later than the Monday before the noting date," which was October 18, 2013.  Local Rules W.D. Wash. LCR 7(d)(3).  Plaintiff missed the Monday deadline of October 14, 2013, but filed a declaration nine days late stating that "the pleadings speak for themselves."  (Sandlin 3d Decl. ¶ 3.)  Plaintiff similarly failed to oppose Defendants' first motion to dismiss.  (*See* 9/3/13 Order at 6 n.2.)  Given the dispositive nature of the pending motions, however, the Court addresses the merits of the motions even in the absence of opposition papers.  *See Cano v. Cocopah Casino*, No. CV-06-2120-PHX-JAT, 2007 WL 2164555, at *1 (D. Ariz. July 25, 2007) (citing *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003)).

[5] (*See, e.g.*, Am. Compl. at 4 ("MERS is not a legitimate beneficiary, and had no power to assign any DOT in this action; thus any subsequent 'beneficiary' of any DOT where the plaintiffs may have been the grantors in this action have no standing to proceed."), 7 ("None of these defendants have proved that any of them legitimately own a debt that is owed by the plaintiff."), 8 ("NWTS falsely asserts as authority to issue a trustee's deed . . ."), 14 ("There is no direct link between the loan originator, the unknown lender who actually may have funded a loan to the plaintiff, and the party allegedly initiating the foreclosure, Wells Fargo . . . .  The break in the chain of loan transaction security instruments refutes the authority of Wells Fargo bank to foreclose, and NWTS actively participated in the wrongful foreclosure, by setting up Wells Fargo . . . as the assignee-beneficiary of the DOT, and then accepting the DOT trustee position from Wells Fargo . . . .").)

1    Mr. Petheram has not provided any new legal basis for challenging Wells Fargo or

2    NWTS's authority to act as they did.  Moreover, Mr. Petheram's new conclusory

3    allegations add nothing substantive to his causes of action that was not addressed in the

4    court's previous order.  Thus, the court's initial reasons for dismissing Mr. Petheram's

5    first complaint still apply.

6         1. Fraud

7         The court previously dismissed Mr. Petheram's fraud claim because "Mr.

8    Petheram d[id] not allege the nature of the alleged fraud with particularity."  (9/3/13

9    Order at 11.)  Mr. Petheram now claims that Defendants acted through "forged

10   documentation issued without authority to establish defendant Wells Fargo Bank as a

11   subsequent DOT beneficiary . . . when MERS did not provide its own officer to execute

12   any assignments of the DOT, and where Wells Fargo Bank rewarded the deception of

13   defendant NWTS by appointing it as the subsequent trustee for the DOT."  (Am. Compl.

14   at 15-16.)  This allegation rehashes the "split the note" theory, which this court rejected

15   in its previous dismissal.  (*See* 9/3/13 Order at 7-8, 10-12.)  The new complaint again

16   relies on "a myriad of conclusory accusations and unsupported legal conclusions" that

17   this court has already rejected.  (*Id.* at 11.)  Moreover, Mr. Petheram still "pleads no facts

18   to support the inference that Defendants knowingly made a false statement regarding the

19   notice of foreclosure or that he has relied on these statements."  (*Id.* at 12.)  Thus,

20   dismissal of Mr. Petheram's fraud claim is proper.

21        2. Slander of Title

22        The court previously dismissed Mr. Petheram's slander of title claim because Mr.

ORDER- 5

1    Petheram did "not establish that Defendants published false statements disparaging the

2    title maliciously." (9/3/13 Order at 9.) Mr. Petheram's amended slander of title

3    allegations hinge on the idea that "defendants have caused a trustee's deed to be issued

4    and recorded against the plaintiff's real property."[6] (Am. Compl. at 18.) The balance of

5    his allegations question the Defendants' authority to carry out the non-judicial

6    foreclosure. (*See* Am. Compl. at 19-22.) These allegations, however, still do not allow

7    the court to "infer . . . that Defendants took any of their alleged actions with malice."

8    (9/3/13 Order at 9.) Thus, dismissal of Mr. Petheram's slander of title claim is proper.

9        3.   Consumer Protection Act

10       To state a claim under the CPA, a party must show: (1) an unfair or deceptive act

11   or practice; (2) occurring in trade or commerce; (3) that impacts the public interest;

12   (4) injury to plaintiff's business or property; and (5) causation. *Hangman Ridge Training*

13   *Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

14       The court previously dismissed Mr. Petheram's CPA claim because "Mr.

15   Petheram fail[ed] to show that Defendants engaged in an unfair or deceptive act or

16   practice." (9/3/13 Order at 12.) Mr. Petheram's amended allegations focus primarily on

17   attempting to establish deceptive acts. (*See* Am. Compl. at 23.) These allegations,

18   however, rely on the "split the note" theory dispelled above. Moreover, to the extent Mr.

19   Petheram alleges that Defendants forged documents in his chain of title, he relies on only

20   conclusory allegations and has not responded with any legal authority supporting the

21   _____

22       [6] This court, in its previous dismissal, took judicial notice of the trustee's deed at issue.
     (*See* 9/3/13 Order at 2 n.1.)

ORDER- 6

1  contention that the signatures at issue render the documents void.  Therefore, Mr.

2  Petheram still fails to properly plead an unfair or deceptive act or practice.  Mr. Petheram

3  also fails to properly address the remaining factors of the *Hangman Ridge* test, which the

4  court highlighted in its order dismissing Mr. Petheram's first complaint.  (9/3/13 Order at

5  12.)  Thus, dismissal of Mr. Petheram's CPA claim is proper.

6       4.  <u>Wrongful Foreclosure</u>

7       In this new cause of action, Mr. Petheram alleges that "defendants have conspired

8  to wrongfully dispossess the plaintiff of his real property, without any legitimate basis in

9  fact or law, by fraudulently manipulating the Washington nonjudicial foreclosure

10  statute . . . ."  (Am. Compl. at 24-25.)  The uncontested facts show, however, that Mr.

11  Petheram obtained a loan secured by the property at issue.  (Roesch 2d Decl. Ex. 1.)  He

12  then defaulted on the loan.  (*Id.* Exs. 6, 8.)  He again defaulted after signing a loan

13  modification.  (*Id.* Exs. 11, 14.)  The Defendants then foreclosed on the property securing

14  the loan.  (9/3/13 Order at 2 n.1.)  Again, Mr. Petheram does not refute any of these facts.

15  He relies only on conclusory allegations based on the previously rejected "split the note"

16  theory.  Thus, dismissal of Mr. Petheram's wrongful foreclosure claim is proper.

17  **C.    Dismissal with Prejudice**

18       Courts are instructed to "freely give leave [to amend] when justice so requires."

19  Fed. R. Civ. P. 15(a)(2).  "A district court, however, may in its discretion deny leave to

20  amend due to undue delay, bad faith or dilatory motive on the part of the movant,

21  repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

22  to the opposing party by virtue of allowance of the amendment, and futility of

1  amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir.

2  2008) (citation and internal quotation marks omitted).  "[W]here the plaintiff has

3  previously been granted leave to amend and has subsequently failed to add the requisite

4  particularity to its claims, [t]he district court's discretion to deny leave to amend is

5  particularly broad." *Id.* (citation and internal quotation marks omitted).

6          Here, the court has already granted Mr. Petheram leave to amend.  (9/3/13 Order

7  at 13-14.)  In the order dismissing Mr. Petheram's original complaint, the court explained

8  in detail why the complaint failed to state a claim on which relief could be granted (*see*

9  *generally id.*), and provided him the opportunity to file an amended complaint to allege

10  facts that would cure the deficiencies identified by the court (*id.* at 14).  Mr. Petheram has

11  failed to cure these deficiencies and has provided no indication in any other submissions

12  to the court that there are additional facts that would allow him to state a claim.

13  Accordingly, the court concludes that further amendment would be futile and dismisses

14  this action with prejudice.

15                          **IV.   CONCLUSION**

16          Based on the foregoing, the court GRANTS Defendants' motions to dismiss (Dkt.

17  ## 32, 34), and DISMISSES the amended complaint (Dkt. # 29) WITH PREJUDICE, as

18  discussed above.

19          Dated this 21st day of November, 2013.

20

21  _____

22  JAMES L. ROBART
    United States District Judge

ORDER- 8